```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

MICHAEL BAGGETT,
       Plaintiff,

       v.                                    Civil Action
                                            No. 10-11914-DPW
TODD QUARTERMAN, ACTING LT. IPS
ET AL.,
       Defendants.

<u>MEMORANDUM AND ORDER</u>
December 30, 2010

WOODLOCK, D.J.

I.  INTRODUCTION

    On November 4, 2010, plaintiff Michael Baggett ("Baggett"), a prisoner at the Souza Baranowski Correctional Center in Shirley, Massachusetts, filed a self-prepared Complaint against various prison personnel alleging that the defendants jointly filed a false criminal charge against him before a Clerk-Magistrate in the Gardner District Court, and fabricated evidence and testimony to support the charge. Baggett sought monetary damages and injunctive relief.

    On November 28, 2010, I issued a Memorandum and Order (Docket No. 4) denying, *inter alia*, Baggett's Motion for Leave to Proceed *in forma pauperis*, and directing him to pay the $350.00 filing fee for this action or to demonstrate good cause why he should not bee deemed to be ineligible for *in forma pauperis* status as a three-strikes litigant under 28 U.S.C. § 1915(g).

    In response, on December 23, 2010, Baggett filed a Motion for Reconsideration (Docket No. 5) and an Affidavit in Support (Docket No. 6). On December 28, 2010, he filed a Prison Account Statement (Docket No. 7) indicating that he has $.05 in his

personal account, and $101.90 in his savings account.

In his Motion for Reconsideration, Baggett argues the merits of his case, alleging egregious conduct by the defendants in fabricating criminal charges against him. He claims that as a result of defendants' misconduct, he was transferred to a higher security facility, received a five-point increase in his classification score, suffered a restitution charge of $180.00, and suffered the loss of parole due to the alleged false disciplinary report against him. As an additional ground for reconsideration, Baggett alleges that he is indigent and unable to afford the $350.00 filing fee in its entirety.

II. DISCUSSION

Baggett fails to address specifically my finding that he is a three-strikes litigant under 28 U.S.C. § 1915(g) based on three prior dismissals of civil actions. He does not deny that he is a three-strikes litigant; rather, he relies primarily on the asserted merits of his claims as a justification for circumvention of the three-strikes rule of 28 U.S.C. § 1915(g).

Baggett's response is not persuasive, and I will not consider the merits of his claim as a basis for the non-application of the three-strikes rule because this tactic does nothing more than mix apples with oranges.[1] In other words, whether or not Baggett states meritorious civil rights claims is

---

[1] This Court previously rejected this type of justification by a prisoner seeking to circumvent the three-strikes rule. *See Awala v. Rice, et al.*, C.A. 07-10115-NMG (Memorandum and Order, Docket No. 4, entered April 26, 2007, noting the apples with oranges metaphor).

immaterial to the question of whether or not he may qualify for *in forma pauperis* status and receive a waiver of the filing fee pursuant to 28 U.S.C. § 1915.  To hold otherwise would utterly undermine the purposes of § 1915(g) and the Prison Litigation Reform Act.

Further, the fact that Baggett lacks sufficient funds to pay the $350.00 filing fee for this action does not provide a basis for the non-application of § 1915(g).  Congress has set forth only an "imminent danger" exception within § 1915(g) to ensure that prisoners who cannot afford the filing fee are not subjected to serious bodily harm without any recourse to the courts; however, § 1915(g) makes no provision to exempt a three-strikes prisoner on the basis of the presentation of a meritorious claim, or on the basis of inability to pay the filing fee in its entirety up-front.  In light of all of the above, I can find no good cause has been shown by Baggett to permit this action to proceed without payment of the filing fee in its entirety, and therefore I will <u>DENY</u> his Motion for Reconsideration.[2]

III. CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Baggett's Motion for Reconsideration (Docket No. 5) is <u>DENIED</u>;[3] and

---

[2] I further note that Baggett has a pending habeas action against the Massachusetts Parole Board, and thus his claims based on the improper denial of parole may be addressed in that action.  *See Baggett v. Massachusetts Parole Board*, C.A. 10-11896-PBS.

[3] Should Baggett seek to appeal the rulings in this Memorandum and Order, he is advised that I will not grant him leave to appeal in forma pauperis because he is not eligible for

3

2.  This action is <u>DISMISSED</u> for failure to comply with the directives contained in the Memorandum and Order (Docket No. 4).  This dismissal is without prejudice to Baggett seeking to file a new civil action <u>provided</u> he pay the $350.00 filing fee along with any Complaint.[4]


SO ORDERED.

/s/ Douglas P. Woodlock
UNITED STATES DISTRICT JUDGE

---

*in forma pauperis* status on appeal, under 28 U.S.C. § 1915(g). Baggett may seek permission to appeal *in forma pauperis* directly from the United States Court of Appeals for the First Circuit.

[4]Any new Complaint would be assigned to me in accordance with this Court's Local Rules regarding case assignment.